IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-397-D

MARTIN GALATON, individually and )
on behalf of all others similarly situated, )
)
                Plaintiff, )
)
v. )         **ORDER**
)
WILLIAM D. JOHNSON, et al., )
)
                Defendants. )

On July 18, 2011, Martin Galaton ("Galaton" or "plaintiff") filed this action, on behalf of himself and all other shareholders of common stock in Progress Energy, Inc. ("Progress"), regarding Duke Energy Corp.'s ("Duke") proposed acquisition of Progress [D.E. 1].[1] The shareholders are scheduled to vote on August 23, 2011, and the value of the transaction is approximately $26 billion. On August 2, 2011, Galaton filed a motion for a temporary restraining order and preliminary injunction [D.E. 3]. On August 12, 2011, Galaton filed the memorandum in support of his motion for a temporary restraining order or preliminary injunction [D.E. 17]. Essentially, Galaton seeks preliminary injunctive relief, enjoining the vote until Progress amends its joint proxy statement and prospectus ("proxy statement"). See Compl. 2, 58; Mot. for TRO & Prelim. Inj. 2. On August 15, 2011, Progress filed a response in opposition [D.E. 20]. On August 16, 2011, Duke and Diamond

---

[1] Although Galaton did not file the complaint until July 18, 2011, it is dated July 6, 2011. See Compl. 59. Galaton, "as a result of a clerical error," initially filed the complaint on July 7, 2011, as an amended complaint in another action. Wolf v. Johnson, No. 5:11-CV-58-D, [D.E. 21, 23] (E.D.N.C. July 7, 2011).

Acquisition Corp. filed a response in opposition [D.E. 22]. As explained below, the court denies Galaton's motion [D.E. 3].[2]

I.

On January 8, 2011, Progress and Duke signed a merger agreement. Pursuant to the agreement, Duke would acquire all outstanding shares of Progress stock and Progress stockholders would receive 2.6125 shares of Duke's common stock for each share of Progress common stock. Compl. 2–3. On January 10, 2011, Progress and Duke announced the definitive merger agreement. Id. at 2. The proposed merger between Progress and Duke is valued at $26 billion. Progress Defs.' Opp'n 5. On March 17, 2011, Progress filed the proxy statement[3] with the U.S. Securities and Exchange Commission ("SEC") and scheduled a shareholder meeting for August 23, 2011, to vote on the proposed merger agreement. Id. at 6; see Cox Decl., Ex. 4. On July 18, 2011, Galaton filed this action, seeking to enjoin the shareholders from voting on the merger until the court resolves the merits of plaintiff's claims.

The purpose of a preliminary injunction is to preserve the status quo, thereby protecting a court's ability to render a meaningful judgment on the merits. See, e.g., In re Microsoft Corp.

---

[2] A hearing is not necessary in this case. The adverse parties had sufficient notice of the motion, see Fed. R. Civ. P. 65(a), and all parties have had the opportunity to brief the relevant legal issues and submit pertinent evidence. Furthermore, a plaintiff's failure to allege and put forth facts that support his claim for relief under the governing law obviates any need for a hearing. Boyd v. Beck, 404 F. Supp. 2d 879, 887 n.3 (E.D.N.C. 2005) (citing Bradley v. Pittsburgh Bd. of Educ., 910 F.2d 1172, 1176 (3d Cir. 1990) ("[A] district court is not obliged to hold a hearing when the movant has not presented a colorable factual basis to support the claim on the merits or the contention of irreparable harm."); 11A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2949, at 226 (2d ed. 1995) (explaining that preliminary injunctions can be denied without a hearing, even after the movant requests one, "when the written evidence shows the lack of a right to relief so clearly that receiving further evidence would be manifestly pointless")).

[3] Progress amended the proxy statement on April 8, 2011, April 25, 2011, May 13, 2011, June 30, 2011, July 7, 2011, and July 15, 2011. Progress Defs.' Opp'n 6.

Antitrust Litig., 333 F.3d 517, 525–26 (4th Cir. 2003); Omega World Travel, Inc. v. Trans World Airlines, 111 F.3d 14, 16 (4th Cir. 1997). Because a preliminary injunction grants relief before trial, it is "an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). A preliminary injunction may only be awarded upon a "clear showing" that a plaintiff is entitled to such relief. Id. at 22–23; Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam); Real Truth About Obama, Inc., v. FEC, 575 F.3d 342, 345–46 (4th Cir. 2009), vacated on other grounds, 130 S. Ct. 2371 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam). To receive a preliminary injunction, a plaintiff must clearly show four things: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter, 555 U.S. at 20; Real Truth, 575 F.3d at 346. Plaintiff must satisfy all four of these requirements. Real Truth, 575 F.3d at 346.

"Equity demands that those who would challenge the legal sufficiency of [a defendant's] decisions . . . do so with haste and dispatch." Quince Orchard Valley Citizens Ass'n v. Hodel, 872 F.2d 75, 80 (4th Cir. 1989). Progress and Duke announced the definitive merger agreement over seven months ago, and Progress filed the proxy statement on March 17, 2011. In response, multiple shareholders promptly filed suit in North Carolina Business Court. See Progress Defs.' Opp'n 1–2, 6; Cox Decl., Exs. 1, 3. The shareholder suits were consolidated into one state-court action, where the parties conducted significant discovery and ultimately reached a settlement. See Progress Defs.' Opp'n 6–8. The North Carolina Business Court has given preliminary approval of the settlement agreement. See Cox Decl., Exs. 1, 3. Galaton, on the other hand, did not join the state-court action. Instead, he prepared a complaint dated July 6, 2011, but did not file the complaint in this court until

3

July 18, 2011.[4] After filing the complaint, Galaton did not file a motion for a TRO and preliminary injunction until August 2, 2011. Moreover, Galaton did not file a supporting memorandum with his August 2nd motion. Instead, Galaton waited to file his supporting memorandum until Friday afternoon, August 12, 2011, eleven days before the scheduled shareholder vote. Galaton's August 2nd motion violates Local Rule 7.1(d), EDNC, which states "all motions made, other than in a hearing or trial, shall be filed with an accompanying supporting memorandum."

In light of Galaton's dilatory approach in this case and his abject disregard for the rules of this court, the court finds that the balance of equities do not favor Galaton. See Quince, 872 F.2d at 79–80; Union Pac. Corp. v. Santa Fe Pac. Corp., Nos. CIV. A. 13778, 13587, 1995 WL 54428, at *1–4 (Del. Ch. Jan. 30, 1995) (unpublished). Galaton has been aware of the facts forming the basis of his claims for months, yet waited until the fifty-ninth minute of the eleventh hour to seek an extraordinary equitable remedy. See Quince, 872 F.2d at 79–80; NACCO Indus., Inc. v. Applica, Inc., No. 1:06-CV-3002, 2006 WL 3762090, at *8–9 & n.12 (N.D. Ohio Dec. 20, 2006) (unpublished). Galaton's proposed preliminary injunction would disrupt Progress's scheduled shareholder meeting to vote on the merger agreement and thereby prejudice Progress and the public. Galaton could have avoided this disruption with a prompt challenge. See Quince, 872 F.2d at 80. Galaton's argument that he is likely to suffer irreparable harm is due to his own delay. Id. at 79 (affirming denial of preliminary injunction where plaintiff's potential harm "was a product of its own delay in pursuing th[e] action"). Equity need not and will not provide a balm for Galaton's self-inflicted wound. Moreover, based on its review to date, the court does not believe that Galaton is

---

[4] Galaton's complaint is nearly identical to the complaint that Galaton's counsel filed in this court on February 2, 2011, on behalf of another shareholder, Noah Wolf. Wolf v. Johnson, No. 5:11-CV-58-D, [D.E. 1] (E.D.N.C. Feb. 10, 2011). After Wolf amended the complaint on April 7, 2011, Wolf voluntarily dismissed the action on July 22, 2011. Id., [D.E. 23].

likely to succeed on the merits or that the proposed injunction is in the public interest. Accordingly, the court denies Galaton's request for preliminary injunctive relief.

II.

In sum, Galaton has failed to meet the heavy burden necessary to obtain a temporary restraining order or preliminary injunction. Galaton's motion for a temporary restraining order and preliminary injunction is DENIED [D.E. 3].

SO ORDERED. This 16 day of August 2011.

JAMES C. DEVER III
United States District Judge